UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PATRICIA FITZGERALD and THOMAS FITZGERALD,**<br>　　　　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**R.J. REYNOLDS TOBACCO CO., PHILIP MORRIS USA, INC., and DEMOULAS SUPER MARKETS, INC.,**<br><br>　　　　　　　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Philip Morris USA Inc., R.J. Reynolds Tobacco Co., and DeMoulas Super Markets, Inc. ("Defendants"), pursuant to 28 U.S.C. §§ 1334, 1452, 1441, and 1446, and with full reservation of defenses, hereby remove this action from the Middlesex Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. In support of its Notice of Removal, Defendants state as follows:

### BASIS FOR JURISDICTION

1.　In this Notice of Removal, Defendants are exercising their right pursuant to 28 U.S.C. §§ 1334, 1441, 1446, and 1452, to remove all claims and causes of action asserted in the pending action captioned *Patricia Fitzgerald and Thomas Fitzgerald v. R.J. Reynolds Tobacco Co., et al.*, Case No. 2081CV02586, Middlesex Superior Court (the "State Court Action"), from the Middlesex Superior Court, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts. True and correct copies of all process, pleadings, and orders served upon Defendants are attached as Exhibit 1 (PM USA), Exhibit 2 (Reynolds) and Exhibit 3 (DeMoulas).

2.     Plaintiffs Patricia Fitzgerald and Thomas Fitzgerald filed the State Court Action on October 26, 2020, in the Middlesex Superior Court, Commonwealth of Massachusetts. Plaintiffs seek compensatory damages in this product liability action based on a claim that Plaintiff Patricia Fitzgerald developed lung cancer as a result of her purchase and use of cigarettes manufactured or sold by Defendants. It is clear from the face of the Complaint that Plaintiffs' claims arose at the latest by April 30, 2019, *see* Compl. at ¶¶ 1, 23 (Ex. 1). .

3.     On June 17, 2019, approximately two months after Plaintiff Patricia Fitzgerald's alleged lung cancer diagnosis, she filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts in a case captioned *In re: Patricia Pierce Fitzgerald*, Case No. 19-12051. In her bankruptcy petition, she failed to identify her already-accrued potential claims against Defendants to her creditors or bankruptcy trustee, and consequently the State Court Action remains an un-administered asset of Plaintiff Patricia Fitzgerald's now-closed Chapter 7 bankruptcy estate.[1]

4.     This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1334 because the State Court Action is "related to" Mrs. Fitzgerald's bankruptcy case in the District of Massachusetts. The State Court Action is therefore removable pursuant to 28 U.S.C. §§ 1334, 1441, and 1452.

5.     This Notice of Removal is timely under Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1446. Plaintiff separately served each Defendant with a copy of the Complaint and Summons on October 30, 2020. *See* Ex. 1 at 1; Ex. 2 at 1; Ex. 3 at 1. Therefore, the deadline to file the notice of removal is November 29, 2020, and this removal is timely.

---

[1] Defendants note that Plaintiff Thomas Patrick Fitzgerald separately filed for bankruptcy on April 4, 2018. *See In re: Thomas Patrick Fitzgerald*, Case No. 18-11233 (Bankr. D. Mass. Apr. 4, 2018).

**BACKGROUND**

6. On October 26, 2020, Plaintiffs filed the State Court Action in Middlesex Superior Court. Plaintiffs seek money damages for injuries allegedly caused by Mrs. Fitzgerald's purchase and use of cigarettes manufactured or sold by Defendants. *See* Compl. at ¶ 1 (Ex. 1). Plaintiff Patricia Fitzgerald asserts claims for breach of warranty, negligence, civil conspiracy, and fraud and misrepresentation. *See id.* at ¶¶ 37-81. Plaintiff Thomas Fitzgerald asserts a claim for loss of consortium in conjunction with his wife's substantive claims. *See id.* at ¶¶ 82-4. It is clear from the face of the Complaint that Plaintiffs' claims in the State Court Action accrued no later than her diagnosis with lung cancer in April 2019. *See id.* at ¶ 1.

7. On June 17, 2019, Ms. Fitzgerald – represented by counsel – filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Massachusetts. *See* Voluntary Petition for Individuals Filing for Bankruptcy, *In re: Patricia Pierce Fitzgerald*, Case No. 19-12051 (Bankr. D. Mass. June 17, 2019) (Ex. 4). In her bankruptcy petition, Ms. Fitzgerald failed to disclose her potential claims against Defendants, notwithstanding her obligation to disclose under oath (i) "[c]laims against third parties, whether or not [she had] filed a lawsuit or made a demand for payment"; and (ii) "[o]ther contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims." *Id.* at Schedule A/B, Nos. 33-34, at 14. Ms. Fitzgerald also "declare[d] under penalty of perjury that the information provided is true and correct." *Id.* at 6.

8. Pursuant to 11 U.S.C. § 541(a)(1), the commencement of Ms. Fitzgerald's bankruptcy case created an estate that owned "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also, e.g.*, *Graupner v. Town of Brookfield*, 450 F. Supp. 2d 119, 121, 124 (D. Mass. 2006) ("As a general rule, a debtor's

claims that have accrued as of the date the bankruptcy case commences become property of the bankruptcy estate. . . . The debtor is responsible for disclosing all assets to the bankruptcy court, including all contingent claims." (citing 11 U.S.C. § 541(a)(1))). Under federal bankruptcy law, claims that accrue prior to the filing of the bankruptcy petition – even when not disclosed – become an asset of the debtor's bankruptcy estate. *See, e.g.*, *Nwachukwu v. Vinfen Corp.*, No. CV 16-11815-MPK, 2018 WL 1409795, at *5 (D. Mass. Mar. 21, 2018) (a debtor's employment discrimination claim which accrued prior to the filing of the bankruptcy petition was an asset of the bankruptcy estate even though not originally disclosed in bankruptcy petition and not included in schedule A/B and statement of financial affairs). Thus, Plaintiff Patricia Fitzgerald's claims against Defendants (which were subsequently asserted in the State Court Action) became an asset of her Chapter 7 bankruptcy estate when she filed her bankruptcy petition.

9. Once a pre-petition cause of action becomes part of the bankruptcy estate, all rights held by the debtor are extinguished unless and until the bankruptcy trustee formally abandons the asset. See 11 U.S.C. 554(a)-(c). If a debtor fails to schedule the cause of action (*i.e.*, does not inform the bankruptcy court and his creditors about the potential lawsuit), the trustee is never given the opportunity to abandon the asset, and the cause of action remains the property of the estate — even after the close of the bankruptcy case. See 11 U.S.C. § 554(d) ("[P]roperty of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."). Because Plaintiff Patricia Fitzgerald did not disclose her potential claims against Defendants to the Bankruptcy Court, her claims could not be administered in the bankruptcy case, and therefore they remain an un-administered asset of the bankruptcy estate – even after discharge of the bankruptcy estate.

10. On June 18, 2019, the bankruptcy court appointed Mark G. DeGiacomo as the Chapter 7 trustee. The Notice of Chapter 7 Bankruptcy Case states that "[n]o property appears to be available to pay creditors." June 21, 2019 Notice of Chapter 7 Bankruptcy Case, attached as Ex. 5, at 2. On August 7, 2019, Trustee DeGiacomo noted in his Chapter 7 Trustee's Report of No Distribution that "there is no property available for distribution from the estate over and above that exempted by law." *In re: Patricia Pierce Fitzgerald*, Docket Entry dated Aug. 7, 2019 (Ex. 6). On October 9, 2019, the Bankruptcy Court granted a discharge of Plaintiff's debt under 11 U.S.C. § 727. *See* Order of Discharge (Ex. 7). On October 15, 2019, the Bankruptcy Court entered an order discharging the trustee. *See* Order Discharging Trustee and Closing Case (Ex. 8).

## REMOVAL IS APPROPRIATE

11. This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1334 because Plaintiff Patricia Fitzgerald's claims in the State Court Action are "related to" a bankruptcy case proceeding under Title 11 of the Bankruptcy Code, *i.e.*, Mrs. Fitzgerald's Chapter 7 bankruptcy case. *See* 28 U.S.C. § 1334(b) ("Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.").

12. The First Circuit has recognized that the "statutory grant of 'related to' jurisdiction is quite broad," and an action is "related to" a bankruptcy proceeding if it could conceivably have an effect on the debtor's estate. *In re Boston Reg'l Med. Ctr.,* 410 F.3d 100, 105 (1st Cir. 2005) ("[B]ankruptcy courts ordinarily may exercise related to jurisdiction as long as the outcome of the litigation 'potentially [could] have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'") (quoting *In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir.

5

1991)); *see also In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, 496 B.R. 256, 266–67 (D. Mass. 2013) ("[A] civil proceeding is related to bankruptcy [if] the outcome of that proceeding could conceivably have any effect on the [bankruptcy] estate.")

13. The State Court Action is "related to" Mrs. Fitzgerald's Chapter 7 bankruptcy because any recovery in that case could be used to pay unsecured creditors who received nothing in Mrs. Fitzgerald's bankruptcy. *In re Boston Reg'l Med. Ctr.,* 410 F.3d at 105.

14. 28 U.S.C. § 1452 allows a party to "remove any claim or cause of action in a civil action . . . to the district court of the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. §] 1334." Because district courts have "original jurisdiction" over actions that are "related to" a bankruptcy proceeding, such cases may be removed by a party "to the district court for the district where such civil action is pending." 28 U.S.C. § 1452(a); *see also* 28 U.S.C. § 1441(a) ("Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

15. Accordingly, the State Court Action may be removed to this Court pursuant to 28 U.S.C. §§ 1334(b), 1441, and 1452.

**PROCEDURAL REQUIREMENTS**

16. Pursuant to Federal Rule of Bankruptcy Procedure 9027(b)-(c)(1) and 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Clerk of the Middlesex Superior Court, Middlesex County, Commonwealth of Massachusetts, and serve same to Plaintiffs.

17. This Notice is signed in accordance with Federal Rule of Bankruptcy Procedure 9011.

18. This Notice of Removal will also promptly be served on Chapter 7 Trustee Mark G. DeGiacomo, who was the trustee in Mrs. Fitzgerald's bankruptcy case in the District of Massachusetts, and the Office of the U.S. Trustee in Boston, MA.

19. Venue is proper in this District for removal purposes pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1) and 28 U.S.C. § 1446(a) because this District is "the district court of the United States for the district and division" in which the State Court Action is pending. *See also* 28 U.S.C. § 101; 28 U.S.C. § 1441(a).

20. The State Court Action was initiated after the commencement of the bankruptcy case; thus, this Notice of Removal is timely pursuant to the Fed. R. Bankr. P. 9027(a)(3) as it was filed within 30 days of service. This Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(b).

21. Pursuant Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1446(a), and Local Rules Nos. 5.4(f) and 81.1, certified copies of all docket entries, records, and proceedings in the State Court Action will be electronically filed with this Court within 28 days of the filing of this Notice of Removal.

22. The State Court Action is not a core proceeding within the meaning of 28 U.S.C. § 157(b) or Federal Rule of Bankruptcy Procedure 9027.

23. Defendants do not consent to entry of a final order or judgment by any bankruptcy judge.

24. Removing Defendants are the only defendants in the State Court Action.

25. Defendants reserve the right to amend or supplement this notice of removal.

WHEREFORE, Notice is hereby given that Defendants remove this case from the Middlesex Superior Court, Middlesex County, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

Dated: November 19, 2020

Respectfully submitted,

*/s/ Melissa Nott Davis*
Melissa Nott Davis (BBO# 654546)
SHOOK , HARDY & BACON L.L.P.
125 Summer St., Suite 1220
Boston, MA 02110
Telephone: (617) 531-1411
Facsimile: (617) 531-1602
mndavis@shb.com

John M. Lyons (BBO# 569500)
SHOOK, HARDY & BACON L.L.P.
2001 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: (215) 278-2555
Facsimile: (215) 278-2594
jlyons@shb.com

**Counsel for Defendants Philip Morris USA Inc. and DeMoulas Super Markets Inc.**

*/s/ Christopher M. Morrison*
Christopher M. Morrison (BBO# 651335)
Laura D. Gradel (BBO# 692315)
JONES DAY
100 High Street, 21st Floor
Boston, MA  02110-1781
Telephone:  (617) 960-3939
Facsimile:   (617) 449-6999
cmorris@jonesday.com
lgradel@jonesday.com

**Counsel for Defendant R.J. Reynolds Tobacco Company**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and electronic copies will be sent to those indicated as non-registered participants on November 19, 2020.

Additionally, Mark G. DeGiacomo, Esq. Martha Cullina, LLP (Chapter 7 Trustee) will be served with an electronic copy.   The following will be served via United States mail:

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109

***Assistant U.S. Trustee***

/s/ Melissa Nott Davis
Melissa Nott Davis, Esq.